**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRUSTED HEALTH PRODUCTS, INC., | ) |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| BLUE CROSS LABORATORIES, INC., | ) |
| DOLLAR TREE STORES, INC., | ) |
| JMK-IIT, INC., | ) |
| d/b/a GREAT LAKES WHOLESALE | ) |
| GROUP, and INVENTORY | ) |
| LIQUIDATORS CORP. d/b/a REGENT | ) |
| PRODUCTS CORP., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

For its complaint against defendants Blue Cross Laboratories, Inc. (hereafter "BCL"), Dollar Tree Stores, Inc., (hereafter "Dollar Tree"), JMK-IIT, Inc., d/b/a Great Lakes Wholesale Group (hereinafter "Great Lakes"), and Inventory Liquidators Corp. d/b/a Regent Products Corp. (hereinafter "Regent"), plaintiff Trusted Health Products, Inc. (hereafter "Trusted Health") states as follows:

### PARTIES

1. Plaintiff Trusted Health is a Kentucky corporation having its principal place of business in Lexington, Fayette County, Kentucky.

2. Defendant BCL is a California corporation having its principal place of business in Santa Clarita, California.

3. Defendant Dollar Tree Stores, Inc. is a Virginia corporation having its principal place of business in Chesapeake, Virginia, and is registered as a foreign corporation doing business in the State of Illinois.

4. On information and belief, defendant Great Lakes is an Illinois corporation having its principal place of business in Bolingbrook, Illinois.

5. On information and belief, defendant Regent is an Illinois corporation having its principal place of business in River Grove, Illinois.

## JURISDICTION AND VENUE

6. This Court has original and supplemental jurisdiction over the subject matter of this case pursuant to section 1121(a) of Title 15, and sections 1331, 1338(a)-(b), and 1367 of Title 28, of the United States Code.

7. The Eastern Division of the United States District Court for the Northern District of Illinois is an appropriate venue for this action pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and (c).

## NATURE OF THE CLAIM

8. This is an action seeking monetary and injunctive relief for violation of Section 43 of the Lanham Act (15 U.S.C. § 1125), Illinois' Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq*.), and common law principles of unfair competition, as well as for cancellation of U.S. Trademark Registration No. 4,069,494 pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119).

## FACTUAL ALLEGATIONS

### Trusted Health's Business and RELIEFMD Mark

9. Continuously since at least June 2006, Trusted Health has marketed and sold a

product (hereafter "ReliefMD Product") comprised of natural botanical oils under the trademark "RELIEFMD" (hereafter "Mark") throughout the United States.

10. Trusted Health's ReliefMD Product is a formulation of almond, eucalyptus, peppermint, wintergreen, camphor, spearmint, and olive oils designed to alleviate discomfort associated with, among other things, sprains, muscle strains, sore backs and necks, swollen joints, and other body discomfort.

11. Continuously since 2006, Trusted Health has used the Mark in connection with the nationwide online marketing and sales of its ReliefMD Product, including use of the Mark online at Trusted Health's websites (located at <ReliefMD.com> and <TrustedHealthProducts.com>) and in print advertising.

12. While Trusted Health sold its ReliefMD Product at its <ReliefMD.com> website from 2006 to 2012, the domain served as an "exact match domain," meaning that the product name and the domain name were identical. For search engine optimization purposes during that time period, exact match domains were highly effective tools that allowed the website using the domain to rank organically very high when users searched for the product by name.

13. Consequently, in 2009 and 2010 when BCL chose the "Relief MD" name for its product and began selling its "RELIEF MD" product, Trusted Health's <ReliefMD.com> website ranked first in search results when internet users searched for "ReliefMD" or "Relief MD" on major search engines such as Google and Bing.

14. Trusted Health has sold the Product since 2006, and by the end of 2010, the company had sold the Product to customers in forty-nine of the fifty states in the United States.

15. Trusted Health has strong common law trademark rights in the Mark throughout the United States because the Mark is inherently distinctive by nature and Trusted Health has used the Mark in interstate commerce to promote the sale of the ReliefMD Product since 2006.

### BCL's Business and Infringing "RELIEF MD" Products

16. On information and belief, BCL has been in business for decades selling low-priced health and beauty products and household cleaning products.

17. According to its website, BCL currently sells its products to "dollar stores, supermarkets, mass merchants and drug stores, as well as the wholesalers serving these customers," which in turn sell BCL's products to consumers.

18. On information and belief, BCL's business model employs the strategy of creating and selling extremely low cost products that emulate the look and feel of existing, established products in the marketplace, thereby commonly trading on the good will of other successful businesses and products.

19. Since 1992, BCL has been sued for trademark and/or trade dress infringement in at least fifteen separate lawsuits by at least twelve separate companies. These numbers do not include the presumably numerous other allegations of trademark infringement against BCL that did not result in actual litigation.

20. On information and belief, as a result of its decades in business and its long history of trademark litigation and other disputes, BCL is well-versed in trademark law, unfair competition law, and other restrictions on its ability to use the trademarks of others.

21. In 2010, on information and belief, BCL filed an application with the United States Patent & Trademark Office ("USPTO") to register "RELIEF MD" as a trademark for use in connection with the sale of Epsom salts.

22. In its application, BCL stated that the date it first used the "RELIEF MD" mark in commerce was June 3, 2010.

23. The USPTO ultimately approved BCL's application and registered the "RELIEF MD" mark on the Principal Register as Registration No. 4,069,494 (hereafter the "494 Registration").

24. BCL has marketed and sold a wide variety of products under the RELIEF MD mark, such as "Relief MD Epsom Salt," "Relief MD Sore Muscle and Back Soak," "Relief MD Foot Soak," and "Relief MD Soothing Oatmeal Bath Treatment" (hereafter "BCL Products").

25. BCL has offered certain of the BCL Products in multiple scented varieties such as "Eucalyptus Scented," "Spearmint & Menthol Scented," and "Lavender Scented."

26. BCL's packaging conspicuously has borne the "Relief MD" name and promoted the BCL Products as, among other things, an "aid for minor sprains and bruises," "relief for tired feet," and a product for "minor aches and pains" and "muscle cramps, soreness, and fatigue."

27. BCL has contracted to sell, and has directly sold, its BCL Products to a large number of retail and wholesale distributors, including without limitation defendants Dollar Tree (and/or Dollar Tree's affiliated product "sourcing company," Greenbrier International, Inc.), Great Lakes, and Regent.

28. The BCL Products have been, and remain today, widely available for purchase by Illinois residents and residents of other states under BCL's "RELIEF MD" mark through a variety of online retail and wholesale outlets such as <DollarTree.com> (owned and/or operated by defendant Dollar Tree), <GLWholesale.com> (owned and/or operated by defendant Great Lakes), and <RegentProducts.com> (owned and/or operated by defendant Regent).

29. In addition to its online presence, Dollar Tree maintains tens or hundreds of retail stores throughout the state of Illinois.

30. On information and belief, Dollar Tree has derived substantial revenue from the sale of the BCL Products to Illinois residents, both through its retail stores and through its DollarTree.com website.

31. As of May 13, 2015, Dollar Tree was selling certain BCL Products under BCL's "RELIEF MD" mark to Illinois residents by offering "FREE In-Store Pick-U" or "UPS Delivery" to purchasers located in various Illinois zip codes. (Exhibit A, attached hereto.)

32. On information and belief, Great Lakes and Regent, being Illinois corporations with their principal places business in Illinois, likewise have derived substantial revenue from the sale of the BCL Products to Illinois companies and residents through their aforementioned websites and possibly other wholesale and/or retail outlets.

33. The BCL Products likewise have been, and remain today, widely available from numerous retail merchants selling through national ecommerce platforms such as <Amazon.com> and <Sears.com>, most or all of which sell and offer to sell the BCL Products to residents of Illinois under BCL's "RELIEF MD" mark. (Exhibit B, attached hereto.)

34. The extensive availability of the BCL Products through online retailers and wholesalers means that the BCL Products are marketed and sold under BCL's "RELIEF MD" mark through the same marketing channels as the Trusted Health Product and to the same or similar general demographics of customers as the Trusted Health Product.

35. Both Trusted Health's Product and BCL Products normally are priced below $20.00 (with the BCL Products generally selling online for less than $3.00 per unit), which

6

means that the degree of purchaser care in making a purchase of these and similar products is relatively low.

36. Because Trusted Health's use of the Mark in interstate commerce predates BCL's 2010 date of first use, Trusted Health is the senior user of the Mark despite BCL's actions in acquiring the '494 Registration.

37. A common practice among trademark users and applicants is to perform a trademark search, including at least a basic internet search, prior to launching a new product under a trademark or filing an application to register a trademark with the USPTO.

38. Because a search for "ReliefMD" or "Relief MD" in 2009 or 2010 by an internet user would have resulted in Trusted Health's <ReliefMD.com> site being the top-ranked result in major search engines, even the most cursory internet search by BCL of its new product name would have revealed that Trusted Health was already actively using the Mark in connection with the sale and marketing of Trusted Health's ReliefMD product.

39. Likewise, a basic search of registered domain names by BCL in 2009 and 2010 would have revealed to BCL that Trusted Health had registered the <ReliefMD.com> domain, which in turn would have revealed to BCL that Trusted Health was actively using the Mark in connection with the sale and marketing of Trusted Health's ReliefMD product.

40. On information and belief, upon applying to register its claim to trademark rights in the "Relief MD" name in 2010, BCL had actual knowledge, or engaged in willful blindness, of Trusted Health's prior and ongoing use of the Mark in interstate commerce for a product intended to treat the same or similar body ailments as the BCL Products.

**Trusted Health's and BCL's Litigation History**

41. On October 31, 2012, Trusted Health filed an application at the USPTO to register its Mark for use in connection with various described goods relating to the alleviation of bodily discomfort.

42. On February 27, 2013, the USPTO issued an office action on Trusted Health's application (Serial No. 85,768,236) stating that registration of the Mark would be refused because of a likelihood of confusion with BCL's '494 Registration and citing as primary factors the "similarity of the marks, similarity and nature of the goods, and similarity of the trade channels of the goods." (Exhibit C, attached hereto.)

43. On or about July 1, 2013, Trusted Health filed a complaint in the United States District Court for the Eastern District of Kentucky (Case No. 5:13-cv-00204-DCR) regarding the foregoing actions of BCL and asserting claims for violation of 15 U.S.C. § 1125 and Kentucky's common law of unfair competition, as well as cancellation of the '494 Registration.

44. On or about July 15, 2013, BCL's president and registered agent for service, Darrell Mahler, received a courtesy copy of the complaint via certified mail. Accordingly, BCL has, at least as of that date, had actual knowledge Trusted Health's Mark and its legal claims against BCL.

45. In November 2013, after months of settlement negotiations with BCL, Trusted Health moved to dismiss its first action without prejudice under Federal Rule of Civil Procedure 4(m) and filed a second, largely identical complaint with the same claims against BCL in the United States District Court for the Eastern District of Kentucky (Case No. 5:13-cv-375-DCR).

46. In January 2014, after continued attempts at settlement, Trusted Health requested, and BCL agreed, to waiver of the service of the summons and complaint.

47. On March 11, 2014, BCL responded to Trusted Health's second complaint by moving for dismissal on personal jurisdiction grounds or, alternatively, for transfer of the case to the U.S. District Court for the Central District of California.

48. Trusted Health thereafter sought and obtained limited discovery on the issues raised by BCL in its motion.

49. On or about September 5, 2014, BCL served responses to Trusted Health's written discovery requests, stating under oath in response to two interrogatories that, among other things, BCL had "stopped using the Relief MD name in September 2013."

50. Documents produced by BCL at the same time, however, reflected that BCL continued to fulfill orders by defendant Dollar Tree (referred to as "Dollar Tree Merchandising") for BCL Products in late 2013 and in 2014.

51. On October 20, 2014, after completing its discovery, Trusted Health conceded the personal jurisdiction issue and moved to dismiss the case without prejudice so that it could decide whether to pursue its claims in another court having personal jurisdiction over BCL.

52. On October 21, 2014, the Eastern District of Kentucky court granted Trusted Health's motion and dismissed the action without prejudice.

**BCL's and Co-Defendants' Infringing Activities**

53. Despite BCL's sworn statement in discovery responses that it "stopped using the Relief MD name in September 2013," the BCL Products remain widely available for sale using the RELIEF MD mark.

54. On information and belief, while BCL possibly changed the product packaging for some or all of the BCL Products to remove "MD" from the product packaging, it made no

9

effort to discontinue ongoing sales by its customers of BCL Products using the complete RELIEF MD mark.

55. At least as recently as March 18, 2015, defendants Dollar Tree, Great Lakes, and Regent all were advertising for the purchase on the internet the availability of BCL Products conspicuously bearing the RELIEF MD mark on internet product pages and on the BCL Product packaging in product photographs. (Exhibit D, attached hereto.)

56. A likelihood of confusion exists due to the virtual identity of Trusted Health's Mark (RELIEFMD) and BCL's mark (RELIEF MD), the highly related nature of the two companies' products (including the similarity of the advertised ingredients in Trusted Health's Product and the advertised "scents" of the BCL Products), the identical or related marketing channels used by the two companies, the relatively low degree of purchaser care, BCL's apparent lack of good faith in selecting and using its mark, and BCL's and its customers' ongoing use of the RELIEF MD mark after BCL initially being sued by Trusted Health and later purportedly ceasing use of the RELIEF MD mark, due to BCL's knowledge of Trusted Health's Mark.

57. In addition to a likelihood of confusion, Trusted Health has encountered actual confusion in the consuming public regarding the two companies' products.

58. On information and belief, notwithstanding its sworn statements that "stopped using the Relief MD name in September 2013," BCL continued to sell, and may still now sell, the BCL Products under the Relief MD mark to wholesale or retail vendors for ultimate resale to the consuming public.

59. On information and belief, BCL has continued to supply its product to customers that BCL knows or has reason to know are engaging in trademark infringement or that would pass along the BCL Products to retailers that would engage in trademark infringement..

60. On information and belief, BCL has made little or no effort to prevent its customers (including without limitation, defendants Dollar Tree, Great Lakes, and Regent) from marketing and selling the BCL Products under the Relief MD mark, thereby inducing trademark infringement by BCL's customers.

61. On information and belief, by selecting and using the RELIEF MD name with actual knowledge of Trusted Health's use of a virtually identical mark for highly similar products, BCL evidenced a lack of good faith.

62. On information and belief, by continuing to use the RELIEF MD name on the BCL Products after being sued by Trusted Health in July 2013, BCL evidenced a lack of good faith.

63. On information and belief, by continuing to sell the BCL Products to its customers (including without limitation, defendants Dollar Tree [or Dollar Tree's sourcing agent Greenbrier International, Inc.], Great Lakes, and Regent) without providing notice of the trademark infringement allegations made by Trusted Health as early as July 2013, BCL evidenced a lack of good faith and induced trademark infringement by its customers.

### COUNT I - VIOLATION OF 15 U.S.C. § 1125
### (LANHAM ACT § 43)

64. The foregoing paragraphs of this Complaint are incorporated herein as if specifically set forth.

65. Section 43 of the federal Lanham Act provides, *inter alia*, the following:

> Any person who, on or in connection with any goods or services, … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods,

>services, or commercial activities by another person,
>....
>shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

66. As set forth above, by their false and unauthorized use of the "RELIEF MD" name in its marketing, promotion, and sale of the BCL Products, BCL and its customers Dollar Tree, Great Lakes, and Regent, have caused both a likelihood of confusion and actual confusion among purchasers regarding the affiliation, connection, and association of the BCL Products with Trusted Health, as well as the sources of the BCL Products and Trusted Health's RELIEFMD Product.

67. Through their actions, BCL and its customers Dollar Tree, Great Lakes, and Regent, have violated and continue to violate the prohibitions set forth in 15 U.S.C. § 1125(a)(1).

68. By inducing the infringing actions of Dollar Tree, Great Lakes, Regent, and its other customers since 2010, or alternatively since July 15, 2013, BCL is also secondarily liable for its customers' violations of 15 U.S.C. § 1125 under principles of contributory liability.

69. The aforementioned conduct of the defendants has occurred within interstate commerce and has had a substantial impact on interstate commerce.

70. Trusted Health has been damaged by the conduct of the defendants in that it has suffered damage by, among other things, harm to its identity, reputation, and goodwill and by confusion among the consuming public.

## COUNT II – VIOLATION OF ILLINOIS UNIFORM
## DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS 510/1 *et seq*.)

71. The foregoing paragraphs of this Complaint are incorporated herein as if specifically set forth.

72. Defendants' actions violate the provisions of the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq*.) in that defendants are causing a likelihood of confusion or, of misunderstanding as to, its affiliation, connection, or association with Trusted Health.

73. Defendants' actions have caused, and will continue to cause, irreparable harm to Trusted Health unless enjoined by this Court.

74. BCL has willfully engaged in the foregoing deceptive trade practices and has acted knowingly, with reckless disregard, or through willful blindness regarding the aforesaid likelihood of confusion or deception and regarding Trusted Health's prior rights in the Mark.

75. Pursuant to 815 ILCS 510/3, Trusted Health is entitled to injunctive relief as to all Defendants and recovery of its costs and attorney's fees from BCL.

## COUNT III – COMMON LAW
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

76. The foregoing paragraphs of this Complaint are incorporated herein as if specifically set forth.

77. Defendants' use of the RELIEF MD name constitutes trademark infringement and unfair competition under the common law of the State of Illinois.

78. BCL's acts of infringement have been committed with the intent to cause confusion and mistake and to deceive and/or with reckless disregard or willful blindness of the results of its actions.

13

79. Trusted Health has been and will continue to be damaged as a result of Defendants' infringement.

80. Defendants' conduct and acts, as alleged above, will continue to cause irreparable harm to Trusted Health unless enjoined by this Court.

### COUNT IV – CANCELLATION OF BCL'S U.S. TRADEMARK REGISTRATION NO. 4,069,494

81. The foregoing paragraphs of this Complaint are incorporated herein as if specifically set forth.

82. This is a claim for cancellation of a trademark registration under 15 U.S.C. § 1119.

83. Pursuant to 15 U.S.C. § 1052, a claimed mark must be refused registration if it "consists of or comprises a mark which so resembles … a mark or trade name previously used in the United States and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive …."

84. At the time of BCL's application from which the '494 Registration issued, BCL's "RELIEF MD" mark was likely to cause confusion, mistake, or deception when used in connection with the BCL Products and more generally in connection with the applied for goods (Epsom salts), due to Trusted Health's prior use in the United States of its Mark, which had not been abandoned, in connection with the Mark.

85. For the foregoing reasons, the USPTO should not have permitted registration of BCL's claim to trademark rights in the RELIEF MD name.

86. Accordingly, this Court should order cancellation of U.S. Registration No. 4,069,494.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully demands a trial by jury on all counts so triable and requests that the Court adjudge and decree the following relief:

A. preliminary and permanent injunctive relief as is necessary and appropriate to prevent further violations of 15 U.S.C. §1125(a) and Illinois' common law of unfair competition and statutory prohibitions against deceptive trade practices;

B. an award to the Plaintiff of its damages;

C. a disgorgement of profits by defendants;

D. an award of a reasonable royalty paid by defendants;

E. trebled damages and/or profits pursuant to 15 U.S.C. § 1117(a);

F. pre- and post-judgment interest at the highest rates allowed by law;

G. an award of Plaintiff's attorney's fees and costs pursuant to, *inter alia*, 15 U.S.C. § 1117 and 815 ILCS 510/3;

H. an order directing the USPTO to cancel U.S. Registration No. 4,069,494; and

I. any and all such other and further relief as the Court deems just and proper.

Trusted Health requests a trial by jury.

Dated this 26th day of May 2015.

    Respectfully submitted,

    TRUSTED HEALTH PRODUCTS, INC.

    /s/ Thomas G. Drennan_____

    Thomas G. Drennan, Esq.
    Dinsmore & Shohl LLP
    227 West Monroe Street, Suite 3850
    Chicago, Illinois 60606
    (312) 372-6060
    tom.drennan@dinsmore.com